904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jennifer Brooke THOMPSON, By and Through her next friend,
James W. THOMPSON, Plaintiff-Appellant,
v.
CARTERET COUNTY BOARD OF EDUCATION; James E. Benfield,
Superintendent of Carteret County Schools; Gerald
Eubanks, Principal, West Carteret High
School, Defendants-Appellees.
 No. 90-1010.
 United States Court of Appeals, Fourth Circuit.
 Argued: April 2, 1990.
Decided: April 17, 1990.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern. Malcolm J. Howard, District Judge. (90-4-CIV-4-H)
 Nelson Whitford Taylor, III, Morehead City, N.C., for appellant.
 Neil Brian Whitford, Kirkman, Whitford, Kirkman & Jenkins, Pa, Morehead City, N.C., for appellees.
 E.D.N.C.
 AFFIRMED.
 Before DONALD RUSSELL, PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jennifer Brooke Thompson appeals the district court's grant of summary judgment for the Carteret County Board of Education, Superintendent of Carteret County Schools James E. Benfield, and West Carteret County High School Principal Gerald Eubanks. Thompson, a public school student, had sought, under 42 U.S.C. Sec. 1983, a temporary restraining order, a preliminary injunction, and a declaratory judgment that her ten-day suspension by defendants violated federal and state constitutional rights to procedural and substantive due process. We affirm.
 
 
 2
 Ms. Thompson, a senior at West Carteret High School in North Carolina, was suspended from school on January 2, 1990, when she admitted to having consumed approximately three tablespoons of rum just before coming on school premises and there participating in a school Christmas concert on the evening of December 14, 1989. Thompson was suspended for violation of Section 7 of the Code of Student Conduct captioned "Narcotics, Alcoholic Beverages, and Stimulant Drugs or any Controlled Substances." The applicable part of Section 7 states that "[n]o student shall ... be under the influence of any ... alcoholic beverage ... at any school activity, function, or event."
 
 
 3
 Upon learning of the suspension, Mr. Thompson, Jennifer's father, requested that the school delay the suspension until he could appeal the matter. Both the principal and the superintendent refused the requested delay whereupon Mr. Thompson, on behalf of his daughter, sought to enjoin the suspension in state court. On January 3, 1990, the state court granted a temporary restraining order, but at a January 10, 1990, hearing on the merits, the state court dissolved the temporary restraining order and denied Thompson's motion for preliminary injunction.
 
 
 4
 On January 11, 1990, Thompson filed the present action in federal district court, along with a motion for a temporary restraining order. The district court granted the temporary restraining order, at which time Thompson voluntarily dismissed without prejudice her state court action. At a hearing on the merits, the federal district court granted defendants' motion for dismissal on the merits under Fed.R.Civ.P. 12(b)(6) and, having considered matters outside the pleadings, treated the dismissal as a grant of summary judgment. The district court also dissolved its temporary restraining order, and denied Thompson's motion for stay pending appeal.
 
 
 5
 Upon application to this court pursuant to Fed.R.App.P. 8, we granted Thompson's motion for stay of the district court's order pending appeal, and expedited oral argument. We have reviewed the briefs of counsel, heard oral argument, and satisfied ourselves concerning the facts of this case and the applicable law. The district court correctly held in a thorough and well-reasoned written decision that there was no genuine issue of material fact as to whether the defendants had violated Thompson's state or federal constitutional rights to procedural and substantive due process and that defendants were entitled to judgment as a matter of law. Accordingly, we affirm the judgment of the district court on the reasoning of its order. Thompson v. Carteret County Bd. of Educ., No. 90-4-CIV-4-H (E.D.N.C. March 2, 1990) (order granting summary judgment).
 
 
 6
 AFFIRMED.